UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ARCH SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ENTERPRISE INVESTMENT PROPERTIES, LLC<br><br>Defendant. | Civil Action No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Arch Specialty Insurance Company, by way of Complaint against Defendant Enterprise Investment Properties, LLC, states as follows:

## PARTIES

1. Plaintiff Arch Specialty Insurance Company ("Arch") is an insurance company organized under the laws of the State of Missouri with a principal place of business at Harborside 3, 210 Hudson Street, Suite 300, Jersey City, New Jersey 07311.

2. Defendant Enterprise Investment Properties, LLC ("EIP") is an Alabama limited liability company. EIP's members are Jennifer Gilley and Mitch Gilley, private individuals who are domiciled in Alabama.

1066682\320804741.v1

**JURISDICTION AND VENUE**

3. The amount in controversy between the parties exceeds $75,000.00.

4. Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.

**COUNT ONE**
(Breach of Contract)

5. Arch repeats, restates and realleges the allegations of Paragraphs 1 through 4 as if fully set forth herein.

6. Arch issued Commercial General Liability Policy No. AGL0056092-02 to EIP for the effective dates of September 28, 2020 to September 28, 2021 (the "Policy").

7. The Policy is an insurance contract providing insurance coverage for certain liabilities of EIP, as set forth in the Policy, in exchange for premiums.

8. Arch fulfilled its contractual obligations and provided coverage under the Policy.

9. Pursuant to the Policy's terms, the initial premiums were based on information submitted by EIP and/or its insurance agent/broker on EIP's behalf regarding EIP's estimated exposure for the effective dates of coverage.

10. Because initial premiums are based on estimated information, the Policy is subject to audit based on the actual exposure during the effective dates of coverage. The audit can result in additional premiums due to the insurer from the insured, or return of premiums due to the insured from the insurer.

11. The audit of the Policy resulted in an additional premium of at least $196,245.00 owed by EIP to Arch (the "Additional Premium").

12. EIP failed and refused to remit payment of the $196,245.00 owed to Arch pursuant to the terms of the Policy.

13. Arch billed and/or issued demands for payment for the outstanding amount to EIP in a timely fashion.

14. EIP is also obligated to pay a Alabama Surplus Lines Tax equal to 6% of the Additional Premium ("Alabama Tax").

15. The total Alabama Tax for the Additional Premium equal $11,774.70.

16. Prior to filing the instant litigation, Arch demanded payment of the Additional Premium owed by EIP and attempted to collect the same without success.

17. Through its failure and refusal to remit payment of the Additional Premium, along with Alabama Tax, EIP breached its contract with Arch, *i.e.* the Policy.

18. EIP has failed, refused and continues to refuse to pay the balance due and owing to Arch thereby causing Arch to suffer damages in the amount no less than $208,019.70 plus interest, attorney's fees and litigation costs.

**WHEREFORE**, Arch demands judgment against EIP in an amount no less than $208,019.70, together with, interest, attorney's fees, costs of suit, and such further relief as this Court deems just and proper.

## COUNT TWO
(Unjust Enrichment)

19. Arch repeats, restates and realleges the allegations of Paragraphs 1 through 18 as if fully set forth herein.

20. Arch has provided insurance coverage and related services to EIP for which EIP has refused to pay and has been unjustly enriched thereby.

21. Arch repeatedly has demanded that EIP remit payment of the amount due and owing to Arch.

22. EIP has failed, refused and continues to refuse to pay the balance due and owing to Arch thereby unjustly enriching EIP and causing Arch to suffer damages in an amount no less than $208,019.70, plus interest, attorney's fees and costs.

**WHEREFORE**, Arch demands judgment against EIP in an amount no less than $208,019.70, together with, interest, attorney's fees, costs and expenses of suit, and such further relief as this Court deems just and proper.

## COUNT THREE
(Account Stated)

23. Arch repeats, restates and realleges the allegation of Paragraphs 1 through 22 as if fully set forth herein.

24. EIP, being indebted to Arch upon an account stated between them, promised to pay Arch the amount owed on demand.

25.     Arch repeatedly has demanded that EIP remit payment for the amount owed to Arch.  EIP, however, has failed and refused to remit payment.

26.     EIP's failure to pay the balance due and owing to Arch has caused Arch to suffer damages in an amount no less than $208,019.70, plus interest, attorney's fees and costs.

**WHEREFORE**, Arch demands judgment against EIP in the amount of no less than $208,019.70, together with interest, attorney's fees, costs of suit, and such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Arch Specialty Insurance Company demands trial by jury in this action of all issues so triable.

Dated: October 1st, 2024.

Respectfully submitted,

*/s/ George L. Morris, IV*
George L. Morris, IV (MOR145)
Taylor A. Johnson (JOH272)
Phelps Dunbar LLP
2025 3rd Avenue North
Suite 1000
Birmingham, Alabama 35203
(205) 716-5239
george.morris@phelps.com
taylor.johnson@phelps.com
Attorneys for Arch Specialty Insurance Company

**BY CERTIFIED MAIL:**

Enterprise Investment Properties, LLC
c/o Registered Agent Mitchell A. Gilley
2486 CO RD 610
Enterprise, Alabama 36330

1066682\320804741.v1